1. R. ISAAK HURST, ESQ. (ABA NO. 1610087)
2. INTERNATIONAL MARITIME GROUP | PLLC
   701 FIFTH AVE; SUITE 4200 | SEATTLE, WA 98104
   (OFFICE) 206.992.0710 | (FAX) 206.707.8338
3. HURST@MARITIME.LAW

4. *ATTORNEY FOR RIDGE MARINE, LLC – PLAINTIFF*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| RIDGE MARINE, LLC, an Alaska limited liability company, | IN ADMIRALTY |
| | Case No.: |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1. BREACH OF CONTRACT |
| ALASKA LOGISTICS, LLC, a Washington limited liability company, | 2. BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING |
| | 3. PROMISSORY ESTOPPEL |
| Defendant. | 4. UNJUST ENRICHMENT, QUASI-CONTRACT, AND QUANTUM MERUIT |
| | 5. NEGLIGENCE |
| | 6. NEGLIGENT MISREPRESENTATION |
| | 7. MISREPRESENTATION BY OMISSION |
| | 8. FRAUD |
| | 9. IMPLIED INDEMNITY |
| | 10. UNFAIR TRADE PRACTICES |

NOW COMES Plaintiff, Ridge Marine, LLC, who avers the following:

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:                                Page **1** of **17**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 1 of 19

## TABLE OF CONTENTS

| | Page |
|---|---|
| I. **JURISDICTION** | 3 |
| II. **VENUE** | 3 |
| III. **THE PARTIES** | 3 |
| IV. **STATEMENT OF FACTS** | 4 |
| V. **CAUSES OF ACTION** | 8 |

**FIRST CAUSE OF ACTION**
Breach of Contract .................................................................................................... 8

**SECOND CAUSE OF ACTION**
Breach of the Implied Duty of Good Faith and Fair Dealing .............................. 8

**THIRD CAUSE OF ACTION**
Promissory Estoppel ................................................................................................. 9

**FOURTH CAUSE OF ACTION**
Unjust Enrichment, Quasi-Contract, and Quantum Meruit ............................... 10

**FIFTH CAUSE OF ACTION**
Negligence ................................................................................................................ 11

**SIXTH CAUSE OF ACTION**
Negligent Misrepresentation .................................................................................. 12

**SEVENTH CAUSE OF ACTION**
Misrepresentation by Omission ............................................................................. 13

**EIGHTH CAUSE OF ACTION**
Fraud ......................................................................................................................... 14

**NINTH CAUSE OF ACTION**
Implied Indemnity .................................................................................................. 16

**TENTH CAUSE OF ACTION**
Unfair Trade Practices ............................................................................................ 16

**PRAYER FOR RELIEF** ............................................................................................ 17

**CERTIFICATE OF SERVICE** ................................................................................ 19

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No: Page **2** of **17**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 2 of 19

**INTRODUCTION**

1. This is a breach of contract action to recover unpaid freight for cargo shipped from Seattle, Washington to various ports in western Alaska. Plaintiff, Ridge Marine, LLC. ("Ridge Marine" or "Plaintiff") asserts that Defendant, Alaska Logistics, LLC ("Defendant") not only failed to pay Ridge Marine for services rendered, but induced Ridge Marine into an agreement that Alaska Logistics knew to be false when the agreement was made. As a result, Ridge Marine seeks to recover outstanding debts and expenses associated with this breach and fraud, including attorneys' fees.

**I. JURISDICTION**

2. The Court has subject matter jurisdiction over this matter in admiralty under 28 U.S.C. § 1333 because it involves a dispute over a contract to transport freight by sea which is a maritime contract. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

3. Ridge Marine elects to proceed under the admiralty jurisdiction of the Court pursuant to Fed. R. Civ. P. 9(h).

**II. VENUE**

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred within this District.

**III. PARTIES**

5. Plaintiff Ridge Marine is and was at all times mentioned herein an Alaska State Limited Liability Company, Entity #136546, headquartered and having its principal place of business in Anchorage, Alaska.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:
Page **3** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 3 of 19

6. Defendant Alaska Logistics, LLC ("Alaska Logistics") is a Washington State Limited Liability Company with its principal place of business in Seattle, Washington.

## IV. STATEMENT OF FACTS

7. On May 3, 2021, Allyn Long of Alaska Logistics contacted Ridge Marine for shipping services in which Ridge Marine would transport a specified list of cargo from Washington to Alaska. Ridge Marine responded with an offer to ship the specified cargo out of Seattle, WA and deliver it to various ports in Alaska. Ridge Marine quoted these services at $205,000 but offered a discounted price of $150,000. In addition, Ridge Marine offered not to charge Alaska Logistics $40,000 for 19 containers included in the shipment and, in exchange, Alaska Logistics would give Ridge Marine a credit to ship 19 cans / flats on Alaska Logistics' vessels free of charge, at an undetermined point in the future. This offer included a requirement that Alaska Logistics clear any outstanding owed at ports in Alaska prior to Ridge Marine's arrival.

8. On May 3, 2021, Alaska Logistics accepted the terms specified above in paragraph seven (7) and an oral contract between Alaska Logistics and Ridge Marine was formed. ***See* Exhibit A**.

9. On May 17, 2021, Ridge Marine was notified that Alaska Logistics used services provided by Boyer Logistics, Inc. (hereinafter "<u>Boyer</u>") to load the cargo onto Ridge Marine's barge. Boyer informed Ridge Marine that additional costs had been accrued for items that were not originally included on the freight list that Alaska Logistics gave to Ridge Marine. The nature and size of the additional cargo that Alaska Logistics loaded without providing notice to Ridge Marine was unclear, but Ridge Marine was subsequently billed $13,000 for the services that Boyer provided to Alaska Logistics. Based on the information provided by Boyer, Ridge Marine calculated the additional cargo to be substantial, but in the interest of maintaining the original

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **4** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 4 of 19

agreement Ridge Marine was willing to charge this cargo at yet another discounted price of $42,000. *See* **Exhibit B**.

10. The additional amounts of $13,000 and $42,000 were then added to the originally agreed price of $150,000, bringing the total amount owed to $205,000. Ridge Marine sent Alaska Logistics an email detailing these charges on May 17, 2021, and an invoice for $205,000 on May 18, 2021. *See* **Exhibit B and Exhibit C.**

11. On May 28, 2021, Ridge Marine notified Alaska Logistics that the Port of Nome was demanding that Ridge Marine pay all of Alaska Logistics unpaid wharfage, despite Ridge Marine's requests that Alaska Logistics clear this balance ahead of time. According to the Port of Nome, at that time, Alaska Logistics owed the Port of Nome too much for them to extend any further credit. *See* **Exhibit D**. Ridge Marine attempted to contact Alaska Logistics on multiple occasions following this notice, but nearly all of Ridge Marine's texts and emails went unanswered. *See* **Exhibit E**. Ridge Marine was left with no other choice but to pay Alaska Logistics outstanding balance with the Port of Nome if it wished to dock its vessel in Nome, AK. This additional cost of $8,500 was then added to Alaska Logistics outstanding balance, bringing the total owed to $213,500.

12. On June 1, 2021, Ridge Marine continued its previous requests to Alaska Logistics to provide Ridge Marine with a manifest detailing the freight on board and its intended destination. Because some of this freight was to be unloaded in Nome while other freight remained to be carried to other ports, Ridge Marine needed a detailed log of what specific items needed to remain on the barge. These requests continued for nearly a week, and on June 5, 2021, Ridge Marine notified Alaska Logistics that it would be unloading the cargo in Nome that day. *See* **Exhibit E, page 2**. Because Ridge Marine did not have an updated manifest as requested, and because they did not

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No: Page **5** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 5 of 19

wish to incur additional wharfage fees on behalf of Alaska Logistics, Ridge Marine informed Alaska Logistics that they would unload all cargo in Nome, AK. Alaska Logistics eventually responded to Ridge Marine's numerous requests on June 6, 2021—after all of the cargo had been unloaded—with a brief list of additional ports followed by insufficient information to properly identify the cargo that was intended to go to each. *See* **Exhibit F**.

13. On June 5, 2021, the cargo that had been loaded onto the barge by Alaska Logistics was unloaded by Ridge Marine in Nome, AK, and the cargo that had been included was significantly different from what had originally been agreed in type, quantity, and size. The additional haulage by Ridge Marine, if charged at Ridge Marine's standard rates for shipping from Seattle, WA to Nome, AK, would be valued at an additional $144,850. Despite this shocking difference, Ridge Marine told Alaska Logistics that if they paid the outstanding balance owed, they would not be charged any additional costs. If, however, Alaska Logistics failed to pay, Ridge Marine would charge Alaska Logistics the normal rates for all cargo not included on the originally agreed upon list. *See* **Exhibit H, page 3.**

14. On June 7, 2021, Alaska Logistics provided Ridge Marine with a check for $75,000 to be paid against the balance owed, with a request that Ridge Marine not yet cash the check. Ridge Marine was eventually able to cash the check on June 9, 2021. *See* **Exhibit G**.

15. Between June 9, 2021, and July 6, 2021, emails were exchanged between Ridge Marine and Alaska Logistics regarding the remaining balance due on the invoice that had originally been issued on May 18, 2021. *See* **Exhibit H**. Furthermore, Ridge Marine had shipped seven (7) pieces of cargo on barges owned by Alaska Logistics that were subsequently billed to Ridge Marine, despite the agreed credit for 19 pieces that Ridge Marine had been entitled to as part of the original agreement. *See* **Exhibit I.**

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **6** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 6 of 19

16. On July 6, 2021, Ridge Marine received a check from Alaska Logistics for $18,154.87 for what Alaska Logistics believed to be the fair outstanding balance owed for all charges accrued, despite Ridge Marine's numerous emails detailing the charges owed. *See* **Exhibit H, pages 5–6**.

17. On July 7, 2021, Ridge Marine notified Alaska Logistics that because of the remaining unpaid balance that Alaska Logistics has yet to pay to Ridge Marine, the numerous additional charges that Ridge Marine has incurred on behalf of Alaska Logistics, the significant amount of cargo that Alaska Logistics loaded on to Ridge Marine's barge without notice or reimbursement, and the charging of shipped cargo for which Ridge Marine was owed a credit, Ridge Marine was now going to charge Alaska Logistics for the total amount owed and for the cost of the 19 credits owed at the price Ridge Marine would have charged had they been included in the originally discounted shipment quote. *See* **Exhibit J**.

18. On July 15, 2021, Ridge Marine sent Alaska Logistics a final invoice for the total outstanding balanced owed to Ridge Marine, totaling $256,695.13. *See* **Exhibit K**. This amount includes the total amount owed under the original agreement ($150,000), the value for the 19 credits owed to Ridge Marine for the cargo not charged ($40,000), costs incurred from Boyer for loading extra cargo ($14,950), fees paid to the Port of Nome on behalf of Alaska Logistics ($8,500), and the standard shipping rate for all additional cargo not included on the originally agreed upon list ($203,400). The sum of charges and fees is then reduced by the cost of two pieces of cargo from Alaska Logistics' original list that was left off the barge from Seattle, D10 and D6 ($17,000), the cost originally charged by Ridge Marine for them to take a portion of the cargo on to Kotlik, AK after Nome, AK ($50,000), and payments already made by Alaska Logistics ($93,154.87). *See* **Exhibit L**.

//

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page 7 of 19

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 7 of 19

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

19. Ridge Marine hereby realleges and incorporates the above-stated allegations of paragraphs 1–18 above.

20. The transportation obligations identified above were subject to the terms of the Agreement under 49 U.S.C. § 14101 and Ridge Marine's invoices.

21. Ridge Marine performed the transportation services requested by Alaska Logistics pursuant to the oral contract between the parties.

22. Alaska Logistics breached the applicable contract by refusing to pay Ridge Marine for the services provided and for failing to credit Ridge Marine for the 19 cargo shipments as agreed, in addition to other damages incurred.

23. Ridge Marine is entitled damages in an amount to be proven at trial, but no less than $256,695.13.

24. As a result of its failure to pay for Ridge Marine's transportation services, defendant Alaska Logistics is indebted to Ridge Marine for the sum stated, and for the accrued and accruing interest on that sum.

### SECOND CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

25. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–24 above.

26. Ridge Marine has fully performed its obligations under the contract with Alaska Logistics.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **8** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 8 of 19

27. The Defendant has unfairly interfered with Ridge Marine's rights to receive the benefits of the contract, which include full payment for services provided and reimbursement for unexpected and unfair costs accrued on behalf of the Defendant, and thus has breached the implied covenant of good faith and fair dealing.

28. Ridge Marine has contacted the Defendant on multiple occasions seeking payment in full for the cargo that was shipped from Seattle, WA to Nome, AK. Ridge Marine has also informed Defendants repeatedly of the additional costs accrued as a result of the port fees and services that were required beyond what was originally agreed.

29. As a result of the foregoing breaches by Alaska Logistics, Ridge Marine has yet to receive just compensation, and is entitled to relief and recovery as prayed for below.

### THIRD CAUSE OF ACTION
### PROMISSORY ESTOPPEL

30. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–29 above.

31. Alaska Logistics, by its words and actions, made clear and unambiguous promises to Ridge Marine that it would pay for shipping services associated with the cargo as originally described and would credit Ridge Marine for the amount of 19 cans / flats to be shipped on Alaska Logistics' vessels at an undetermined date in the future, when Ridge Marine required their services. Alaska Logistics also promised Ridge Marine that it would clear any and all outstanding debts owed to the Port of Nome prior to Ridge Marine's arrival.

32. Ridge Marine relied on these promises in setting their quoted price to Alaska Logistics.

33. It was foreseeable to both parties that Ridge Marine would rely on the promises of Alaska Logistics and Ridge Marine was justified in doing so.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **9** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 9 of 19

34. Alaska Logistics failed to clear its debt with the Port of Nome prior to Ridge Marine's arrival. As a direct result, Ridge Marine was forced to incur Alaska Logistics' debt with the Port of Nome, despite the promises made by Alaska Logistics.

35. Furthermore, Ridge Marine shipped the cargo as agreed and has tried to make use of the 19 credits that Alaska Logistics owes. Alaska Logistics has failed to pay for the services as promised and Ridge Marine has been charged for each of its subsequent shipments made on Alaska Logistics' vessels. As a result of their justified reliance, Ridge Marine has completed their services to Alaska Logistics as agreed and shipped the original 19 cans / flats of cargo free of charge but has not received just compensation in the form of payment nor their promised credit for future shipments.

36. Therefore, Ridge Marine is entitled to relief and judgment as prayed for below.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

37. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–36 above.

38. By performing offered services, Ridge Marine conferred a material benefit upon Alaska Logistics at the expense of Ridge Marine.

39. By permitting Ridge Marine to perform services and refusing to compensate Ridge Marine, Alaska Logistics has accepted and retained the benefit of Ridge Marine's services.

40. Alaska Logistics understood or had knowledge of this benefit.

41. Under the circumstances, it is inequitable for Alaska Logistics to retain the benefit conferred upon it by Ridge Marine without paying the value of the services performed.

42. Therefore, Ridge Marine is entitled to relief and seeks judgment as prayed for below.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **10** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS    Document 1    Filed 09/02/21    Page 10 of 19

## FIFTH CAUSE OF ACTION
## NEGLIGENCE

43. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–42 above.

44. Alaska Logistics accrued port charges at the Port of Nome, failed to pay those port charges, and failed to provide Ridge Marine with notice of its failure to pay such charges as agreed.

45. Ridge Marine requested on May 28, 2021 that Alaska Logistics clear its port charges at the Port of Nome after learning that Alaska Logistics had failed to do so already, and Alaska Logistics did not reply.

46. In addition to neglecting to address its unpaid wharfage charges, Alaska Logistics also failed to provide a timely response to Ridge Marine's notice that it would unload all of Alaska Logistics' cargo in Nome, AK until June 7th, 2021—once all of the cargo had been unloaded—with a brief list of additional ports and insufficient information to properly identify the cargo meant for discharge at each respective port.

47. Alaska Logistics has not only failed to pay Ridge Marine what it owed under its contractual duty to pay, but it has failed to provide timely and sufficient notices of its failures to comply with the implied and express terms of service under the oral contract between the parties.

48. Under the circumstances on the above referenced dates, Alaska Logistics has failed to perform acts that an ordinary person under similar circumstances would have performed, and it has failed to comply with the reasonable standard of prudent business practices in its dealings to and with Ridge Marine.

49. Alaska Logistics' conduct has caused Ridge Marine to suffer pecuniary losses and, therefore, Ridge Marine is entitled to relief and seeks judgment as prayed for below.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **11** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 11 of 19

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

50. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–49.

51. Alaska Logistics made numerous representations to Ridge Marine about the amount and type of cargo that was to be shipped as well as their intent to satisfy any outstanding debt with the Port of Nome prior to Ridge Marine's arrival.

52. These representations were material to Ridge Marine's decisions to enter into the contract, and these representations were false.

53. Alaska Logistics should have known that these representations were false. At the time that Alaska Logistics entered into the contract with Ridge Marine, Alaska Logistics knew that the cargo it intended to include on the shipment to Nome, AK was dramatically different from that which was represented to Ridge Marine in both type and quantity. Alaska Logistics also knew that the cargo would have incurred a much higher shipping rate had it been correctly described. Alaska Logistics knew that it had no intention of settling its debt to the Port of Nome before Ridge Marine arrived in Nome to unload the cargo.

54. Alaska Logistics should have known that its false representations would induce Ridge Marine to enter into the contract.

55. Ridge Marine was ignorant of the falsity of these representations and relied on the representations as being true. Indeed, Ridge Marine had a right to rely upon these representations.

56. Ridge Marine has suffered damages as a result of these false representations and Ridge Marine's good faith and justifiable reliance thereon.

57. Therefore, Ridge Marine is entitled to relief and seeks judgment as prayed for below.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **12** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 12 of 19

## SEVENTH CAUSE OF ACTION
## MISREPRESENTATION BY OMISSION

58. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–57 above.

59. Alaska Logistics made a false statement of fact to Ridge Marine when it omitted in its description of cargo any indication of the type and quantity of cargo beyond what was provided and what was intended to be loaded on to Marine Ridge's vessel. Alaska Logistics did this knowing that the type and quantity of cargo would require a greater fee and intentionally omitted these descriptions for the purpose of paying less for Ridge Marine's services. Alaska Logistics knew that Ridge Marine would rely on this description in calculating the price for its services and Ridge Marine was justified in their reliance.

60. Because Ridge Marine was not responsible for loading the cargo at the Port of Seattle and was unable to inspect the cargo until it was unloaded in Nome, AK, there was no way for Ridge Marine to reasonably discover this omission before the damage occurred.

61. Alaska Logistics had access to and knowledge of the cargo that it loaded on to Ridge Marine's vessels and failed to inform Ridge Marine of the discrepancy between the description provided and the actual cargo that Alaska Logistics chose to load.

62. Ridge Marine suffered damages as a result of omission by Alaska Logistics in its description of the cargo that was loaded on to Ridge Marine's vessel, benefitting Alaska Logistics and costing Ridge Marine over $150,000.00.

63. Therefore, Ridge Marine is entitled to relief and seeks judgment as prayed for below.

//

//

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **13** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 13 of 19

## EIGHTH CAUSE OF ACTION
## FRAUD

64. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–63 above.

65. Allyn Long with Alaska Logistics provided Ridge Marine with an indication of the type and quantity of cargo that it would be loading on to Ridge Marine's vessel on May 3, 2021. This description was intended to mislead Ridge Marine into setting a lower price for the agreed upon services and Ridge Marine had a right to rely on this representation.

66. This description proved false first when Boyer contacted Ridge Marine on May 17, 2021 and indicated that a significantly greater amount of cargo was loaded on to Ridge Marine's vessel by Alaska Logistics. The price for the services of loading the cargo on to Ridge Marine's vessel was calculated based on the original description provided and this original description misled Ridge Marine into calculating a lower service cost than was actually incurred. The false and misleading description provided by Alaska Logistics resulted in Ridge Marine accruing additional expenses that Alaska Logistics was not originally charged for under the contract and which Alaska Logistics so intended to avoid.

67. This description also proved false when the cargo was unloaded and inspected in Nome, AK, on June 6, 2021. The cargo that was unloaded was of a significantly different type and quantity than was originally described and the fair market value for this *additional* cargo was equal to the price already owed for the shipment of cargo included in the original description. This false and misleading description induced Ridge Marine into requiring a significantly lower amount of payment and consideration from Alaska Logistics for shipping the cargo from Seattle, WA to Nome, AK.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **14** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 14 of 19

68. In addition, Allyn Long with Alaska Logistics informed Ridge Marine on May 3, 2021, that Alaska Logistics would clear all outstanding debt that it owed to the Port of Nome prior to Ridge Marine arriving in Nome, AK carrying Alaska Logistics' cargo. Once Ridge Marine first received notice from the Port of Nome on June 1, 2021, regarding Alaska Logistics' still outstanding debt, Ridge Marine and the Port of Nome both attempted to contact Alaska Logistics for six (5) consecutive days in order to notify Alaska Logistics and demand that they clear the debt. Alaska Logistics was unresponsive and did not reply to Ridge Marine until June 6, 2021, after Ridge Marine informed Alaska Logistics that Ridge Marine had paid Alaska Logistics' debt and unloaded the cargo.

69. Alaska Logistics intentionally failed to respond to Ridge Marine when attempts were made to notify Alaska Logistics about the outstanding debt. Alaska Logistics waited until only after they knew that the debt had been paid and their cargo made it to port to respond to Ridge Marine.

70. Alaska Logistics did this knowing that Ridge Marine needed to clear the vessel of Alaska Logistics' cargo in order to carry additional freight and that Ridge Marine would not be able to make use of the vessel until after the debt was paid on behalf of Alaska Logistics.

71. The indication made by Alaska Logistics to Ridge Marine, stating that they would clear their debt with the Port of Nome prior to Ridge Marine's arrival misled Ridge Marine into agreeing to take Alaska Logistics' cargo to the port. This was done with the intent of misleading Ridge Marine to incur Alaska Logistics' debt with the Port of Nome on their behalf.

72. Alaska Logistics intentionally made false and misleading representations about the type and quantity of cargo that would be loaded on to Ridge Marine's vessel and about their intent to clear their debt with the Port of Nome, both of which caused Ridge Marine to suffer damages.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **15** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 15 of 19

73. Therefore, Ridge Marine is entitled to relief and seeks judgment as prayed for below.

**NINTH CAUSE OF ACTION**
**IMPLIED INDEMNITY**

74. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–73 above.

75. Pursuant to the oral contract as stated, Ridge Marine performed shipping services for Alaska Logistics.

76. Alaska Logistics made numerous representations to Ridge Marine about the type and quantity of the cargo that would be shipped from Seattle, WA, to Nome, AK, as well as their intent to settle their outstanding debt with the Port of Nome prior to Ridge Marine's arrival with Alaska Logistics' cargo. In doing so, Alaska Logistics supplied false information which it either knew or should have known was supplied to guide Ridge Marine in this business transaction.

77. Alaska Logistics was negligent in communicating this false information.

78. The false information supplied by Alaska Logistics was the proximate cause of Ridge Marine's subsequent and foreseeable damages.

79. Therefore, Ridge Marine is entitled to relief and seeks judgment as prayed for below.

**TENTH CAUSE OF ACTION**
**UNFAIR TRADE PRACTICES**

80. Ridge Marine hereby realleges and incorporates the above-stated allegations in paragraphs 1–79 above.

81. Alaska Logistics made numerous false representations to Ridge Marine about the type and quantity of the cargo that would be shipped from Seattle, WA, to Nome, AK, as well as their intent to settle their outstanding debt with the Port of Nome prior to Ridge Marine's arrival with Alaska Logistics' cargo.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **16** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 16 of 19

82. At the time that Alaska Logistics entered into the contract with Ridge Marine, Alaska Logistics knew that the cargo it intended to include on the shipment to Nome was dramatically different from what was included and far exceeded their representations to Ridge Marine in both type and quantity. Alaska Marine knew that the cargo would have incurred a much higher shipping rate had it been correctly described. Alaska Logistics also knew that it had no intention of settling its debt to the Port of Nome before Ridge Marine arrived in Nome to unload the cargo.

83. Alaska Logistics intended its false representations to induce Ridge Marine to enter into the contract.

84. Alaska Logistics' false representations induced Ridge Marine to enter into the contract.

85. Ridge Marine has suffered damages as a result of these false representations and Ridge Marine's good faith and justifiable reliance thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ridge Marine, prays for judgment as follows:

1. Compensatory and general damages in a sum in excess of the jurisdictional minimum of this Court according to proof;

2. Delay damages according to proof;

3. Loss of use damages, where appropriate;

4. Attorneys' fees and costs, according to proof;

5. Pre-judgment interest as provided by law;

6. Post-judgment interest as provided by law;

7. Consumer Protection Act damages as provided by law;

8. Cost of suit herein incurred as provided by law; and

9. Such other and further relief this Court deems necessary, just and proper.

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **17** of 19

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 17 of 19

1. DATED this 2nd day of September 2021.

2. Respectfully,

3. INTERNATIONAL MARITIME GROUP | PLLC

4.

5. By: _____/s/ R. Isaak Hurst_____
R. ISAAK HURST, ESQ. (ABA NO. 1610087)
701 FIFTH AVENUE; SUITE 4200 | SEATTLE, WA 98104
6. (OFFICE) 206.992.0710 | (FAX) 206.707.8338
HURST@MARITIME.LAW

7.
*ATTORNEY FOR RIDGE MARINE, LLC – PLAINTIFF*

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:    Page **18** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 18 of 19

# CERTIFICATE OF SERVICE

I certify that on September 2nd, 2021, I electronically filed a copy of the foregoing Complaint for Damages with the Court's CM/ECF system. The undersigned also certifies the foregoing document was sent Certified First Class, Return Receipt Requested to the following addresses:

C T Corporation System
9360 Glacier Hwy, Ste 202
Juneau, AK 99801

Respectfully,

INTERNATIONAL MARITIME GROUP | PLLC

By: _____/s/ R. Isaak Hurst_____
R. ISAAK HURST, ESQ. (ABA NO. 1610087)
701 FIFTH AVENUE; SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338
HURST@MARITIME.LAW

*ATTORNEY FOR RIDGE MARINE, LLC – PLAINTIFF*

COMPLAINT FOR DAMAGES
*Ridge Marine, LLC v. Alaska Logistics, LLC*
Case No:

Page **19** of **19**

INTERNATIONAL MARITIME GROUP | PLLC
701 5TH AVENUE, SUITE 4200 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338

Case 3:21-cv-00200-JWS   Document 1   Filed 09/02/21   Page 19 of 19